FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 1 1 2012

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

OREN H. JONES                                                        PLAINTIFF

V.                           CASE NO. 5:11-CV-00259 JLH

EVERGREEN PACKAGING, INC.                               DEFENDANT

## PROTECTIVE ORDER PURSUANT TO STIPULATION AND AGREEMENT

On this 11th day of ~~March~~ May, 2012, the Court reviewed the stipulation and agreement for a Protective Order between the Plaintiff and the Defendant, and makes the following Orders:

1.      Confidential Information, as later defined herein, and produced by either party or pursuant to a release for medical or employment records in this action, shall be used only for the purpose of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available, or communicated in any way to anyone except Qualified Persons, as herein defined.

2.      Confidential Information shall be deemed to include, without limitation:

   a)      Those personnel files, medical reports, job descriptions, rates of pay, policies, training materials, insurance coverage information, benefits information, financial information, proprietary information, trade secrets, and other matters now requested or hereinafter requested by the parties or relating to the operation and organization of Defendant and such other information as may be deemed by this Court to be relevant or material herein.

   b)      Any information concerning such as set forth in 2(a) herein above as may be, from time to time, produced by the parties herein and declared by the

party at the time of production to be "Confidential Information" and subject to this Order, such designation to be in writing and may be by letter of transmittal to the party.

3.     Except with the prior written consent of the party or pursuant to further Order of this Court on motion with notice to the party, no Confidential Information may be disclosed to any person other than "Qualified Persons" who shall be defined to include the parties, any future counsel of record for the parties in this action, and secretaries, paraprofessional assistants, and other employees of such counsel who would be actively engaged in assisting counsel in connection with this action.   Plaintiff agrees that Confidential Information will not be disclosed to anyone, unless used for the purpose of trial preparation, depositions or the actual trial proceedings.  Plaintiff agrees that if Confidential Information is disclosed during trial preparation or depositions, Plaintiff will advise the recipient of the information that he/she must keep the information confidential except during depositions or the actual trial proceedings.  Plaintiff specifically agrees that Confidential Information contained in the personnel files of current or former employees will not be disclosed to anyone, unless used in the course of the actual trial proceedings.

4.     Upon receipt of Confidential Information from opposing counsel, the party receiving the Confidential Information shall execute and return to opposing counsel a document entitled "Inventory of Confidential Documents Received" in the form affixed hereto as Exhibit A.

5.     This Order, insofar as it restricts the communication in any way and use of Confidential Information, shall continue to be binding through and after the conclusion of this litigation.  At the conclusion of this action, including all appeals:

a)     At the end of three (3) years following the conclusion of this case, counsel may destroy the confidential information or, prior to the expiration of the three (3) year deadline, counsel may take all reasonable steps necessary

2

191270

to reclaim all Confidential Information, including correspondence, memoranda, notes, or any other documents embodying such information, in whole or in part, by requesting the return of all copies of such Confidential Information and paying reasonable expenses for the return of the documents.

b) Counsel and all Qualified Persons are enjoined from disclosing in any manner any Confidential Information obtained during the course of this proceeding.

6. Nothing in this Order shall prevent any party from seeking modification of this Order at any time as to specific matters designated "Confidential Information" to remove such from the application of this Order.

7. Such Confidential Information as may be required to be filed with the Court and with the Clerk of this Court shall be filed under seal. Only the Court, Court personnel, and counsel for the parties shall have access to the sealed record in this proceeding until further Order of this Court.

IT IS HEREBY SO ORDERED.

_____
U. S. DISTRICT JUDGE

3

191270

APPROVED AS TO FORM:

Carolyn B. Witherspoon (#78172)
CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Telephone:  (501) 371-9999
Facsimile:  (501) 371-0035

**ATTORNEYS FOR DEFENDANT**

Q. Byrum Hurst
Hurst, Morrissey, & Hurst, P.L.L.C.
518 Ouachita Ave.
Hot Springs, AR 71901
E-mail:  qbh@hmandhlaw.com

**ATTORNEY FOR PLAINTIFF**

4

191270

**EXHIBIT 1**
**INVENTORY OF CONFIDENTIAL DOCUMENTS RECEIVED**

I hereby acknowledge receipt of the following documents, document pages, and/or depositions which are subject to the Protective Order for the protection of documents in **OREN H. JONES v. EVERGREEN PACKAGING, INC.; CASE NO.: 5:11-CV-00259-JLH** (list all documents, pages, and depositions received):

DATE: _____

_____

Q. Byrum Hurst

5

191270